UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LENNOX L. ROPER, | ) | CASE NO. 4:14 CV 2291 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BUREAU OF PRISONS, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On October 14 2014, petitioner *pro se* Lennox L. Roper, a federal inmate at the Northeast Ohio Correctional Center ("NOCC"), filed the above-captioned *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241.  Petitioner is a deportable alien serving a 265 month sentence for convictions in the United States District Court for the Eastern District of Tennessee.  *See, U.S. v. Roper*, E.D. Tenn. Case No. 3:98-cr-00058.  He alleges that his immigration status renders him ineligible for certain programs at NOCC, and that he is therefore ineligible for placement in a Residential Reentry Center before the completion of his sentence.  Petitioner asserts this situation subjects him to cruel and unusual punishment and violates his constitutional right to equal protection of the laws.

There is no constitutional right to be confined in, or transferred to, a particular correctional facility.  *Devonshire v. Holder*, No. 11–344–GVT, 2013 WL 460532, at *2 (E.D. Ky.2013); *see also*, *McKune v. Live*, 536 U.S. 24, 39 (2002); *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976).  The federal Bureau of Prisons ("BOP") is vested "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner." *Halka v. Shartle*, 2010 WL

2730936, at *4 (N.D.Ohio) (citing *Moody v. Daggett*, 429 U.S. 78, 88 (1976)).  BOP has the express authority to designate the place of a prisoner's confinement.  18 U.S.C. § 3621(b); *Devonshire*, 2013 WL 460532, at *2.  Further, prisoners do not a due process right to eligibility in rehabilitation programs,  *Moody v. Daggett*, 429 U.S. 78, 88 fn.9, or a constitutionally protected liberty interest in discretionary release prior to the expiration of their prison terms.

Excluding prisoners with Immigration Customs Enforcement detainers from eligibility for a sentence reduction that is contingent upon completion of a community-based substance treatment programs does not violate equal protection.  *Fellove v. Federal Bureau of Prisons*, No. CV 310–058, 2010 WL 4941481, at *3 (S.D.Ga.2010) (citing *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir.1999)).  Denying such prisoners participation in such programs is permissible so as long as the difference in treatment has a rational basis.  *Mendez v. United States*, No. 02 CR 745(RPP)., 2009 WL 4857490, at *2 (S.D.N.Y.2009) (citing *Mathews v. Diaz*, 426 U.S. 67, 78–83 (2001)); *see also*, *Lizarraga–Lopez v. United States*, 89 F.Supp.2d 1166 (S.D.Cal.2006).  In *United States v. Tamayo*, 162 F. App'x 813 (10th Cir.2006), the Tenth Circuit held that there was a rational basis to deem deportable aliens ineligible for rehabilitation programs aimed at preparing prisoners for reentry into society.  *Id*. at 816; *see also, Lopez v. Davis*, 531 U.S. 230, 241 (2001) (denying participation in certain prerelease programs  is permissible exercise of the BOP's discretion).  This court agrees.

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 23, 2015             *s/            James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE